Opinion of the court.
The complainant holds certain lands described in the bill, under title bond executed to him by defendant Weakes, the legal title to' which rests in defendant Aden, the vendor of defendant Weakes, and it is shown that Weakes has paid the purchase money to Aden. The bill is filed to have complainant’s title vested upon allegation of full payment of the purchase money, the insolvency of Weakes, and his refusal to make a deed.
The latter sets up in defense that the sale was for *594 Confederate money during the civil war; that the transaction was therefore unlawful;. that the consideration agreed by complainant to be paid for the land was four thousand instead of thirty-eight hundred dollars as alleged in the bill; that of this amount the defendant had received of him thirty-eight hundred dollars, and that of this a lai-ge portion was spurious and counterfeit, all of which complainant had bound himself to- make good; and that under said contract of bargain and sale the complainant was still indebted in the sum of two hundred dollars, the balance of the purchase money unpaid.
The proof shows a contract on the part of defendant Weakes to take four thousand dollars Confederate treasury notes for his land, and that he voluntarily accepted in payment therefor • in part, the sum of thirty-eight hundred dollars. There is no proof upon which we can pronounce any part of this payment to be spurious or counterfeit. The Chancellor dismissed the bill and cross-bill of defendant, and left the parties in statu quo as they stood before the litigation. This action of the Chancellor was doubtless upon the assumption that the transaction was illegal ab initio, and that both parties having participated, neither could be relieved in a court of equity. We do not concur in this ruling. The contract, under the circumstances, was valid as between these parties, -and in the absence of fraud or other vitiating cause, it will be enforced. It is shown that the complainant is still indebted to the defendant in the sum of two hundred dollars on account of the purchase. He will be entitled to a *595 decree, for the value of that amount of Confederate money at the time the payment should have been made, with interest and a lien upon the land for its payment, or upon so much thereof as,' in the opinion of the Chancellor, will be sufficient to secure it — to be enforced at the Chancellor’s discretion. The complainant will have his title in the lands declared and vested, subject to said lien, and to this end the decree is reversed and the cause remanded for account and further proceedings in accordance herewith.